WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary L. Wagoner,<br><br>          Plaintiff,<br><br>v.<br><br>UnitedHealthCare,<br><br>          Defendant. | No. CV-22-00827-PHX-DJH<br><br>**ORDER** |

       Defendant UnitedHealthCare ("Defendant") has filed a Motion to Dismiss *pro se* Plaintiff Gary L. Wagoner's ("Plaintiff") Complaint (Doc. 5). Plaintiff filed a Response in Opposition and a Motion for Default Judgment (Doc. 8)[1], and Defendant filed a Reply (Doc. 10). The Court must now decide whether Plaintiff's state law claims for breach of contract and unjust enrichment are preempted by Section 514(a) of the Employee Retirement Income Security Act of 1974 ("ERISA").

**I.    Background**[2]

       This case concerns Defendant's denial of benefits under an employee welfare benefit plan (the "Plan") governed by ERISA. (Doc. 1-3 at 4–16). Ms. Sadedra Johnson

---

[1] The Court denies Plaintiff's Motion for Default Judgment (Doc. 8) because Plaintiff did not first obtain an entry of default from the Clerk of the Court under Rule 55(a). Defendant also has not failed to plead or otherwise defend this action. *See* Fed. R. Civ. P. 55(a) ("When a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.")

[2] Unless otherwise noted, these facts are taken from Plaintiff's Complaint (Doc. 1-3). The Court will assume the Complaint's factual allegations are true, as it must in evaluating a motion to dismiss. *See Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001).

("Johnson") is insured by Defendant. Plaintiff is an out-of-network health care provider for Johnson who provided anesthesia services to her. (*Id.* at 5). Plaintiff alleges Defendant has failed to pay benefits under the Plan for these services. (*Id.*)

Plaintiff now brings breach of contract and unjust enrichment claims against Defendant. (*Id.*) Plaintiff alleges he has "been appointed by the insured member Sadedra Johnson as her Designated Representative for this collection action of a past due medical payment." (*Id.*) He claims Ms. Johnson "signed an Assignment of Benefits and a Power of Attorney contract to allow the Designated Representative all rights under the United HealthCare Plan policy, including appeal rights, direct payment collection rights, disclosure access and litigation, have been transferred to the provider [Plaintiff] Dr. Gary Wagoner." (*Id.* at 6).

Defendant removed the case from the Maricopa County Justice Court, arguing that the Court has original jurisdiction because ERISA governs this matter. (Doc. 1). Defendant now moves to dismiss Plaintiff's Complaint under Rule 12(b)(6), arguing Plaintiff's state law claims are preempted by Section 514(a) of ERISA. (Doc. 5).

**II.     Legal Standard**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a claim. *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011). A claim that is preempted by federal law fails to state a claim upon which relief can be granted under Rule 12(b)(6). *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002) (motion to dismiss based on ERISA preemption is a merits decision on the pleadings, not a motion to dismiss for lack of jurisdiction).

**III.    Discussion**

ERISA governs the administration of employee benefit plans and protects the interests of plan participants and their beneficiaries with uniform guidelines and rules. 29 U.S.C. § 1001 *et seq.*, *Metropolitan Life Ins. Co. v. Parker*, 436 F.3d 1109, 1111 (9th Cir. 2006). Two ERISA preemption provisions defeat state-law causes of action: complete preemption under Section 502(a), and conflict preemption under Section 514(a). *Aetna*

*Health Inc. v. Davila*, 542 U.S. 200, 208 (2004). Defendant contends the latter provision, Section 514(a), preempts Plaintiff's state law claims for breach of contract and unjust enrichment. Defendant also argues that even if Plaintiff were to bring an ERISA claim, he lacks standing to do so. The Court will address each of Defendant's arguments in turn.

### A. Section 514(a) Preemption

Section 514(a) provides that ERISA "supersede[s] any and all State laws insofar as they may . . . relate to any employee benefit plan." § 1144(a). The issue is whether Plaintiff's breach of contract and unjust enrichment claims relate to the Plan. A law "relates to" an employee benefit plan . . . if it has a "connection with" or "reference to" such a plan. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97 (1983) (internal quotations omitted). Although separate prongs, Defendant lumps together the "reference to" and "connection with" an ERISA plan. (Doc. 5 at 5).

#### a. "Reference to" ERISA Plan

First, the Court must consider whether Plaintiff's claims "reference to" an ERISA Plan. A state law demonstrates the forbidden "reference to" an ERISA plan when it [1] "acts immediately and exclusively upon ERISA plans . . . or [2] where the existence of ERISA plans is essential to the law's operation." *Cal. Div. of Labor Standards Enforcement v. Dillingham Const., N.A., Inc.*, 519 U.S. 316, 325 (1997). Defendant argues Plaintiff's benefit coverage determination letter states the Plan's administrator made its coverage decisions based on the terms of Ms. Johnson's ERISA benefit plan. (*Id.*) Defendant thus contends that Plaintiff's state law claims are preempted because his challenge to Defendant's decision falls under the ERISA plan. (*Id.*) The Court disagrees.

Plaintiff's state law claims are common law claims for breach of contract and unjust enrichment. (Doc. 1-3 at 4). These claims neither act "immediately and exclusively upon ERISA plans" nor do the claims rely on "the existence of ERISA plans" to operate. This is because the claims arise from "state law doctrines of general application." *Arizona State Carpenters Pension Trust Fund v. Citibank (Arizona)*, 125 F.3d 715, 724 (9th Cir.1997). Plaintiff's state law claims therefore survive the "reference to" preemption prong of

Section 514(a). *See Blue Cross of California Inc. v. Insys Therapeutics Inc.*, 390 F. Supp. 3d 996, 1004 (D. Ariz. 2019) (finding plaintiff's unjust enrichment claim was not preempted under Section 514(a) because it arose from state law doctrines of general application); *Nationwide DME, LLC v. Cigna Health & Life Ins. Co.*, 136 F. Supp. 3d 1079, 1085 (D. Ariz. 2015) (same finding as to plaintiff's breach of contract claim).

### b. "Connection with" ERISA Plan

Next, the Court must consider whether Plaintiff's claims have a "connection with" an ERISA Plan. To determine whether a state law has a "connection with" an ERISA plan, the Ninth Circuit applies a "relationship test" under which "a state law claim is preempted when the claim bears on an ERISA-regulated relationship, e.g., the relationship between plan and plan member, between plan and employer, between employer and employee." *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1082 (9th Cir. 2009).

As discussed, Defendant argues Plaintiff's benefit coverage determination letter states the Plan's administrator made its coverage decisions based on the terms of Ms. Johnson's ERISA benefit plan and thus contends Plaintiff's state law claims bear on an ERISA-regulated relationship and are preempted. (Doc. 5 at 5). Under the relationship test, the Court agrees. Plaintiff is acting as the assignee of Ms. Johnson's claims under her ERISA plan. (Doc. 1-3 at 69–70). Plaintiff's actions will therefore have an impact on an ERISA-regulated relationship, namely the plan and plan member. Plaintiff's state law claims are thus preempted under the "connection with" prong of Section 514(a).

Although Plaintiff's state law claims are preempted by Section 514(a), this does not mean Plaintiff is without recourse. Plaintiff's current Complaint does not appear to allege an ERISA claim. (Doc. 1-3). Plaintiff may therefore seek leave to file an amended complaint to do so under 29 U.S.C. § 1132(a)(1)(B). *See* 29 U.S.C. § 1132(a)(1)(B) (certain parties with an interest in an ERISA plan may bring a civil action "to recover benefits due to [them] under the terms of his plan, to enforce [their] rights under the terms of the plan, or to clarify [their] rights to future benefits under the terms of the plan"); *see also* Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when justice so requires").

**B. Article III Standing**

Defendant preemptively argues in a footnote that even if Plaintiff brings an ERISA claim, he lacks standing to pursue it because Johnson's Plan contains an anti-assignment provision which precludes Johnson from assigning her benefits under the Plan to an out-of-network provider without Defendant's written consent.[3] (Doc. 5 at 5 n.3).

Article III of the Constitution establishes that federal courts may only hear cases or controversies. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992). To satisfy this constitutional requirement, a plaintiff must have suffered a concrete and particularized injury that is both fairly traceable to the defendant's conduct and redressable by a favorable decision. *Id.* at 560–61.

A party has standing to bring an ERISA claim if he is one of the identified parties in ERISA's civil enforcement provisions. *Spinedex Physical Therapy USA Inc. v. United Healthcare of Arizona, Inc.*, 770 F.3d 1282, 1288 (9th Cir. 2014). "ERISA's civil enforcement provision . . . identifies only plan participants, beneficiaries, fiduciaries, and the Secretary of Labor as '[p]ersons empowered to bring a civil action.'" 29 U.S.C. § 1132(a); *Id.* at 1288–89 (quoting *Misic v. Bldg. Serv. Emps. Health & Welfare Trust*, 789 F.2d 1374, 1378 (9th Cir.1986)). Non-participant health care providers may not bring claims for benefits on their own behalf. *Id.* at 1289. This is because health care providers are not beneficiaries within the meaning of § 502(a). *DB Healthcare, LLC v. Blue Cross Blue Shield of Arizona, Inc.*, 852 F.3d 868, 876 (9th Cir. 2017).

On the other hand, health care providers, such as the Plaintiff here, may pursue an ERISA claim provided that a patient has assigned the provider its benefits claim. *Spinedex*, 770 F.3d at 1289. But if an ERISA plan contains an anti-assignment clause, then a patient may not assign a claim. *Id.* at 1296 ("Anti-assignment clauses in ERISA plans are valid and enforceable.").

Here, Plaintiff has provided sufficient evidence that Johnson assigned the Plan to

---

[3] Defendant further states that "the Court need not address that issue for purposes of deciding this motion and finding that Plaintiff's claims are conflict preempted under Section 514(a) of ERISA." (*Id.*)

him under 12(b)(6) standards. (Doc. 1-3 at 69–70). Defendant, on the other hand, fails to cite to the Plan's anti-assignment provision. (Doc. 5 at 5 n.3). If the Plan contains such a provision, Plaintiff should be prepared to articulate how he can bring an ERISA claim against Defendant on behalf of Ms. Johnson. In other words, for Plaintiff to bring an ERISA claim, he must prove he is a valid assignee and there is no anti-assignment clause in the Plan. *See Spinedex*, 770 F.3d at 1288–89 (stating that only a plan participant, beneficiary, fiduciary, or valid assignee is the injured party and may bring an ERISA claim).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. 5) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment (Doc. 8) is **denied**.

**IT IS FINALLY ORDERED** that Plaintiff may file a motion seeking leave to file an amended complaint no later than **fourteen (14) days** after the entry of this Order. If Plaintiff does not seek leave to file an amended complaint by **February 27, 2023**, the Clerk of Court shall dismiss this action without further order of this Court.

Dated this 13th day of February, 2023.

Honorable Diane J. Humetewa
United States District Judge